IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY D. LIU,                              3:14-CV-00908-BR

       Plaintiff,                      OPINION AND ORDER

v.

PORTLAND STATE UNIVERSITY,
GINA SENARIGHI, KALI SIMMONS,
et al.,

       Defendants.


**MICAH D. FARGEY**
Chenoweth Law Group P.C.
510 S.W. Fifth Avenue
Fifth Floor
Portland, OR 97204
(503) 221-7958

       Attorneys for Plaintiff

**TRACY REEVE**
Portland City Attorney
**J. SCOTT MOEDE**
**WADE H. TUCKER**
Deputy City Attorneys
1221 S.W. Fourth Avenue, Suite 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants City of Portland, Portland
       Police Bureau, James Crooker, John Hughes, and Jason
       Walters

1 - OPINION AND ORDER

KAREN O'KASEY
JASON R. POSS
Hart Wagner LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499

>   Attorneys for Defendants Oregon Health & Sciences
>   University, Michael Schumaker, Peter Rapp, Paul K.
>   Leung, Anne F. Gross, Bridgid Crowley, Joshua W.
>   Russell, and Robert Hendrickson

DUNCAN K. FOBES
NICOLE BRODIE JACKSON
Patterson Buchanan Fobes & Leitch, Inc., P.S.
2112 Third Avenue, Suite 500
Seattle, WA 98121
(206) 462-6700

>   Attorneys for Defendants Cascadia Behavioral
>   Healthcare, Sarah Shellhorn, Jay Auslander, Meg Kaveny,
>   and Rachel Phariss

P.K. RUNKLES-PEARSON
SHARAE M. WHEELER
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503) 205-2314

>   Attorneys for Defendants Kali Simmons and Gina
>   Senarighi

BROWN, Judge.

This matter comes before the Court on Defendant Kali Simmons's Motion (#7) to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Pursuant to Fed. R. Civ. P. 12(b)(6))and Defendant Gina Senarighi's Motion (#8) to Dismiss for Failure to Effect Proper Service of Process (Pursuant to Fed. R. Civ. P. 12(b)(5)). For the reasons that follow, the Court

2 - OPINION AND ORDER

**GRANTS** Defendants' Motions.

## BACKGROUND

On May 2, 2014, Plaintiff filed an amended *pro se* complaint in Clatsop County Circuit Court against 40 Defendants alleging seventeen claims for relief related to Plaintiff's interaction with various Portland police officers, the seizure of Plaintiff's guns, Plaintiff's commitment to the Oregon Health Sciences University psychiatric ward, Plaintiff's expulsion from Portland State University, and articles about Plaintiff's expulsion published by the Portland State University newspaper *The Vanguard,* all occurring between April 2012 and June 2012.

On May 6, 2014, Plaintiff hand-delivered a copy of the summons and amended complaint addressed to Defendant Gina Senarighi to the UPS Store #6227 at 3519 N.E. 15th Avenue, Portland, Oregon.  Senarighi has a post-office box at that UPS location, but Plaintiff did not send copies of the summons and amended complaint to Senarighi's post-office box.

On May 9, 2014, Senarighi checked her post-office box and found a notice advising her that she had "received a package via Hand Delivered [sic] . . . with tracking number PROCESS SERVER on 05/06/2014.  It was received in Good condition.  Please bring this slip to a store clerk to pick up your item within 90 business day(s) of 05/06/2014 to avoid storage fees."  Decl. of

3 - OPINION AND ORDER

Gina Senarighi, Ex. 1 at 1.

On June 5, 2014, Defendants removed the matter to this Court on the basis of federal-question jurisdiction.

On June 12, 2014, Defendant Kali Simmons filed a Motion to Dismiss on the ground that Plaintiff's Amended Complaint fails to state a claim against her.

On June 12, 2014, Defendant Gina Senarighi filed a Motion to Dismiss on the ground that Plaintiff failed to properly effect service on her.

The Court took both Motions to Dismiss under advisement on July 17, 2014.

## SIMMONS'S MOTION (#7) TO DISMISS FOR FAILURE TO STATE A CLAIM

### I.  Standard

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

4 - OPINION AND ORDER

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

## II. Discussion

Simmons moves to dismiss Plaintiff's Amended Complaint as to her on the ground that she is not named as a Defendant in the case caption and Plaintiff does not include any allegations against Simmons in the body of the Amended Complaint.

Plaintiff concedes in his Response that his Amended Complaint does not include specific factual allegations against Simmons. Plaintiff, however, asserts he can amend his Amended Complaint to state a claim against Simmons.

A review of Plaintiff's Amended Complaint establishes Plaintiff did not include any specific factual allegations as to Simmons. Plaintiff, therefore, fails to state a claim against Simmons. Accordingly, the Court grants Simmons's Motion to Dismiss.

Although Plaintiff is now represented by counsel, Plaintiff appeared *pro se* at the time he filed his Amended Complaint. The Ninth Circuit has made clear that the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(quotation

5 - OPINION AND ORDER

omitted).  "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Id.* (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Id.* (quotation omitted).  The Court, therefore, grants Plaintiff leave to file a second amended complaint to cure his failure to state a claim against Simmons.

## DEFENDANT SENARIGHI'S MOTION (#8) TO DISMISS FOR FAILURE TO EFFECT PROPER SERVICE OF PROCESS

Federal Rule of Civil Procedure 12(b)(5) provides a defendant may move to dismiss an action if she is not properly served.  Because Plaintiff attempted to serve Senarighi before this matter was removed to this Court, Oregon law governs whether service was proper.

Oregon law permits service on individual defendants by personal service or by substituted service as prescribed in the Oregon Rules of Civil Procedure.  Or. R. Civ. P. 7D(3)(a)(i).  Oregon law permits a plaintiff to serve an individual defendant who is a "tenant of a mail agent" by

> delivering true copies of the summons and the
> complaint to any person apparently in charge of
> the place where the mail agent receives mail for

6 - OPINION AND ORDER

> the tenant, provided that:
>
>> (A) the plaintiff makes a diligent inquiry but cannot find the defendant; and
>>
>> (B) the plaintiff, as soon as reasonably possible after delivery, causes true copies of the summons and the complaint to be mailed by first class mail to the defendant at the address at which the mail agent receives mail for the defendant and to any other mailing address of the defendant then known to the plaintiff, together with a statement of the date, time, and place at which the plaintiff delivered the copies of the summons and the complaint.

Or. R. Civ. P. 7D(3)(a)(iv).

As noted, Plaintiff hand-delivered a copy of the Summons and Amended Complaint addressed to Senarighi to the UPS Store #6227. Plaintiff, however, did not send copies of the Summons and Amended Complaint to Senarighi's post-office box and Plaintiff concedes in his Response that he did not make any effort to personally find Senarighi nor did he mail copies of the Summons and Amended Complaint to Senarighi's post-office box via first-class mail. The Court, therefore, concludes Plaintiff did not properly serve Senarighi.

Accordingly, the Court grants Senarighi's Motion to Dismiss.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Simmons's Motion (#7) to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Pursuant to Fed R Civ P 12(b)(6)). The

7 - OPINION AND ORDER

Court, however, grants Plaintiff leave to file a Second Amended Complaint **no later than August 29, 2014,** to cure his failure to state a claim against Simmons.

The Court also **GRANTS** Defendant Senarighi's Motion (#8) to Dismiss for Failure to Effect Proper Service of Process (Pursuant to Fed R Civ P 12(b)(5)) and **DISMISSES** Plaintiff's claims against Senarighi **without prejudice**.

IT IS SO ORDERED.

DATED this 15th day of August, 2014.

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER