IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HENRY D. LIU,                                  3:14-CV-00908-BR

       Plaintiff,                          OPINION AND ORDER

v.

PORTLAND STATE UNIVERSITY, et
al.,

       Defendants.


**MICAH D. FARGEY**
Fargey Law PC
5 Centerpointe Drive, 4th Floor
Lake Oswego, OR 97035
(503) 946-9426

       Attorneys for Plaintiff

**P.K. RUNKLES-PEARSON**
**SHARAE M. WHEELER**
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503) 205-2314

       Attorneys for Defendants Portland State University,
       Jacqueline Balzer, Domanic Thomas, and Joseph Schilling


1 - OPINION AND ORDER

**TRACY REEVE**
Portland City Attorney
**J. SCOTT MOEDE**
**WADE H. TUCKER**
Deputy City Attorneys
1221 S.W. Fourth Avenue, Suite 430
Portland, OR 97204
(503) 823-4047

>     Attorneys for Defendants City of Portland and James Crooker

**KAREN O'KASEY**
**JASON R. POSS**
Hart Wagner LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
(503) 222-4499

>     Attorneys for Defendant Oregon Health & Sciences University

**DUNCAN K. FOBES**
Patterson Buchanan Fobes & Leitch
2112 Third Avenue, Suite 500
Seattle, WA 98121
(206) 462-6700

>     Attorneys for Defendant Cascadia Behavioral Healthcare

**BROWN, Judge.**

    This matter comes before the Court on the Renewed Motion (#152) for Summary Judgment of Defendants Portland State University (PSU), Jacqueline Balzer, Domanic Thomas, and Joseph Schilling (hereinafter referred to collectively as PSU Defendants).  For the reasons that follow, the Court **GRANTS** the Renewed Motion and **DISMISSES with prejudice** Plaintiff's claims against PSU Defendants.

2 - OPINION AND ORDER

**BACKGROUND**

On May 2, 2014, Plaintiff Henry D. Liu filed *pro se* a first amended *pro se* complaint in Clatsop County Circuit Court against 40 Defendants alleging seventeen claims for relief related to Plaintiff's interaction with various Portland police officers, the seizure of Plaintiff's guns, Plaintiff's commitment to the Oregon Health Sciences University (OHSU) psychiatric ward, Plaintiff's expulsion from PSU, and articles about Plaintiff's expulsion published by the PSU newspaper *The Vanguard*, all occurring between April 2012 and June 2012.

On June 5, 2014, Defendants removed the matter to this Court on the basis of federal-question jurisdiction.

At some point before June 30, 2014, Plaintiff obtained counsel.

On August 15, 2014, Plaintiff filed a Second Amended Complaint against 29 Defendants alleging nine claims for relief related to Plaintiff's interaction with various Portland police officers, the seizure of Plaintiff's guns, Plaintiff's commitment to the OHSU psychiatric ward, and Plaintiff's expulsion from PSU, all occurring between April 2012 and June 2012.

On August 28, 2015, PSU Defendants filed a Motion for Summary Judgment as to all of Plaintiff's claims against them.

On November 23, 2015, Plaintiff filed a Motion for Extension of Summary Judgment-Related Court-Imposed Deadlines, which PSU

3 - OPINION AND ORDER

Defendants opposed.

On December 4, 2015, the Court held a status conference. Based on the parties' representations at that conference, the Court ordered the parties to meet in person and to confer regarding the dismissal of certain parties and claims from this proceeding. The Court struck all pending Motions and directed the parties to file a preliminary Pretrial Order setting out the parties, claims, and defenses that remained in this matter after the parties conferral.

On December 18, 2015, the parties filed a Joint Proposed Pretrial Order in which they dismissed numerous claims and parties and advised the Court that this matter would proceed only as to Plaintiff's claims (1) against the City of Portland and Officer Crooker pursuant to 42 U.S.C. § 1983 for unlawful seizure in violation of the Fourth Amendment to the United States Constitution; (2) against OHSU pursuant to 42 U.S.C. § 1983 for unlawful confinement in violation of the Fourth Amendment to the United States Constitution; (3) against PSU, Balzer, and Thomas pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution; (4) against the City of Portland and Officer Crooker for false arrest and/or confinement in violation of state law; (5) against Cascadia Behavioral Healthcare for unlawful confinement in violation of state law; (6) against PSU,

Schilling, and Cascadia for negligence "based on their respective roles in the arrest of Plaintiff"; and (7) against PSU, Balzer, and Thomas for negligence in "failing to exercise due care in connection with the process and proceedings that led to Plaintiff's expulsion from PSU."

On December 23, 2015, PSU Defendants filed a Renewed Motion for Summary Judgment.  The Court took PSU Defendants' Motion under advisement on January 25, 2016.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R. Civ. P. 56(a).  The moving party must show the absence of a dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial.  *Id*.  "This burden is not a light one . . . .  The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

5 - OPINION AND ORDER

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id.*

6 - OPINION AND ORDER

**DISCUSSION**

As noted, Plaintiff asserts claims against PSU, Balzer, and Thomas for violation of Plaintiff's right to due process under the Fourteenth Amendment and against all PSU Defendants for negligence. PSU Defendants move for summary judgment as to all of Plaintiff's claims against them.

**I.   Plaintiff failed to properly serve Defendants Balzer, Thomas, and Schilling.**

Defendants assert the Court should dismiss all of Plaintiff's claims against Defendants Balzer, Thomas, and Schilling because Plaintiff failed to properly serve those Defendants.

Federal Rule of Civil Procedure 4(e) provides in part:

> (e) Unless otherwise provided by federal law, service upon an individual . . . may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located.

Oregon Rule of Civil Procedure 7D(3)(a)(i) permits service on an individual defendant "by personal delivery . . . to such defendant or other person authorized by appointment of law to receive service of summons on behalf of such defendant . . . or by office service." With respect to office service, Oregon Rule of Civil Procedure 7D(2)(c) provides in pertinent part:

> If the person to be served maintains an office for the conduct of business, office service may be made by leaving true copies of the summons and the complaint at such office during normal working

> hours with the person who is apparently in charge.
> Where office service is used, the plaintiff, as
> soon as reasonably possible, shall cause to be
> mailed, by first class mail, true copies of the
> summons and the complaint to the defendant at
> defendant's dwelling house or usual place of abode
> or defendant's place of business or such other
> place under the circumstances that is most
> reasonably calculated to apprise the defendant of
> the existence and pendency of the action.

On October 3, 2014, Plaintiff delivered copies of the Summons and Complaint addressed to PSU Defendants to Cynthia Starke in PSU's Office of the General Counsel. On October 9, 2014, Plaintiff mailed copies of the Summons and Complaint to Starke's office address at the Office of General Counsel. Defendants Balzer, Thomas, and Schilling, however, did not work in the PSU Office of General Counsel. In fact, Balzer did not even work at PSU on October 3, 2014. In addition, the record reflects Starke was not authorized to accept service on behalf of Balzer, Thomas, or Schilling. Plaintiff, therefore, did not accomplish office service or service on Defendants Balzer, Thomas, and Schilling in any manner specifically permitted under Oregon Rule of Civil Procedure 7.

Plaintiff does not appear to dispute that he did not properly accomplish office service. Plaintiff, however, relies on Oregon Rule of Civil Procedure 7G to support his assertion that he properly served Balzer, Thomas, and Schilling because they received actual notice of the existence of the action, knew they had been named as defendants, and knew Plaintiff had

8 - OPINION AND ORDER

attempted to serve them. Rule 7G provides in pertinent part:

> Failure to comply with provisions of this rule relating to the . . . issuance of summons . . . shall not affect the validity of service of summons . . . if the court determines that the defendant received actual notice of the substance and pendency of the action. . . . The court shall disregard any error in the content of summons that does not materially prejudice the substantive rights of the party against whom summons was issued.

According to Plaintiff, therefore, the Court should disregard any error in service.

The Oregon Supreme Court, however, has made clear that "the fact that a defendant somehow received actual notice of the existence and pendency of an action, unrelated to service of a summons, does not satisfy the requirements of the rule [ORCP 7]." *Jordan v. Wiser*, 302 Or. 50, 60 (1986), *disapproved of on other grounds by Baker v. Foy*, 310 Or. 221, 228 (1990). The court explained in *Jordan* that

> the first sentence of ORCP 7G, which requires the court to ignore defects of service when there is actual notice, does not specifically apply to 'manner' of service. This was done intentionally and is consistent with the concept that service of a summons is required. It is possible that a defendant could receive actual notice from service of a summons that did not comply with ORCP 7D(1). If, for example, summons was served by leaving papers at an address which was not that of the defendant, but the persons receiving the summons recognized the defendant's name and sent the defendant the summons, *this would hardly be a manner of service reasonably calculated to apprise the defendant of the existence and pendency of the action*. Even though the defendant received actual notice of the action, he or she would not have

9 - OPINION AND ORDER

>       received it by a service which complied with ORCP 7.

*Id*. (quotation omitted)(emphasis added). In *Jordan* the plaintiff did not properly serve defendant Wiser. Wiser received actual notice of the action from his insurance company and from a second defendant. The Oregon Supreme Court concluded actual notice was insufficient: "Reading a summons received from an unauthorized delivery would only increase Wiser's actual notice. Actual notice is not enough to trigger the application of ORCP 7G." *Id*. at 59.

Here, as in *Jordan*, Plaintiff delivered the summons and Complaint to an individual at PSU who was not authorized to accept service on behalf of Balzer, Thomas, or Schilling. The fact that Balzer, Thomas, and Schilling may have received actual notice of the action does not "trigger the application of ORCP 7G" and is not a method "reasonably calculated to provide notice of the action" to Balzer, Thomas, and Schilling. The Court, therefore, concludes Plaintiff did not properly serve Balzer, Thomas, and Schilling.

In addition, Plaintiff may not serve Balzer, Thomas, or Schilling now because Plaintiff's claims against Balzer, Thomas, and Schilling are untimely. State rules concerning statutes of limitations and related requirements for service of process determine whether state-law claims asserted in federal court are timely. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980).

10 - OPINION AND ORDER

*See also Hall v. City of Beaverton*, No. CV 08-113-JE, 2008 WL 4534105, at *2 (D. Or. Oct. 6, 2008)(state law determines whether state-law claims are timely filed in federal court); *Lyons v. H & R Transport, Inc.*, 231 F. Supp. 2d 1009, 1011-12 (D. Or. 2001)(same). Oregon Revised Statute § 12.110(1) provides a plaintiff must commence a negligence claim within two years of the acts giving rise to the claim. In addition, the Ninth Circuit has held courts must apply the forum state's statute of limitations for personal-injury claims to any § 1983 claims. *See, e.g. Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014)("Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions."). Under Oregon law personal-injury claims must be commenced within two years of the injury. *See* Or. Rev. Stat. § 12.110(1). Finally, when, as here, a plaintiff serves a defendant more than 60 days after the filing of the complaint, under Oregon law the action is considered commenced on the date of service rather than on the date the complaint was filed. Or. Rev. Stat. § 12.020(2).

The last act that Plaintiff alleges in the Pretrial Order that forms the basis for his claims against Balzer, Thomas, and Schilling (denial of Plaintiff's student-conduct appeal by PSU) occurred on August 16, 2012. Thus, any attempt to serve Balzer,

11 - OPINION AND ORDER

Thomas, and Schilling would be futile because Plaintiff's claims against them are now untimely.

Accordingly, the Court grants PSU Defendants' Motion for Summary Judgment as to all of Plaintiff's claims against Defendants Balzer, Thomas, and Schilling.

## II.  Plaintiff's Sixth and Seventh Claims for negligence against PSU are untimely.

PSU Defendants seek summary judgment as to Plaintiff's Sixth and Seventh Claims for negligence against PSU on the grounds that they are untimely and unsupported by the law.

As noted, the last act on which Plaintiff relies to support his negligence claims against PSU is the August 16, 2012, denial of his student-conduct appeal.  Plaintiff filed his initial complaint in Clatsop County Circuit Court on April 18, 2014.  Plaintiff, however, did not complete even his improper service on PSU until October 9, 2014.  As also noted, the limitations period for negligence claims under Oregon law is two years from the acts that form the basis for the negligence claim and when, as here, a plaintiff serves a defendant more than 60 days after the filing of the complaint, the action is deemed commenced on the date of service rather than on the date the complaint was filed.  Thus, even if Plaintiff's October 2014 service on PSU had been proper, he did not commence his negligence claims against PSU within two years of August 16, 2012.  Plaintiff's negligence claims against PSU, therefore, are untimely.

12 - OPINION AND ORDER

Accordingly, the Court grants PSU Defendants' Motion for Summary Judgment as to Plaintiff's Sixth and Seventh negligence claims.

### III. Plaintiff's § 1983 claim against PSU for violation of Plaintiff's right to due process under the Fourteenth Amendment

Defendant PSU seeks summary judgment as to Plaintiff's § 1983 claim for violation of Plaintiff's right to due process on the ground that the Ninth Circuit has held PSU is an arm of the State of Oregon and Congress did not abrogate the State's Eleventh Amendment immunity when it passed § 1983. *Hagel v. Portland State Univ.*, 237 F. App'x 146, 147-48 (9th Cir. 2007) ("We affirm the district court's dismissal of Portland State University as a defendant [to the plaintiff's § 1983 claims]. The University is an arm of the state of Oregon and, therefore, immune from suit under the Eleventh Amendment."). *See also Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999)("[W]e have specifically found that the Board of Higher Education is immune from suit under 42 U.S.C. § 1983:  There is no doubt that suit under [§] 1983 against the [Oregon] State Board of Higher Education is a suit against the state *qua* state and is, therefore, barred by the Eleventh Amendment. . . .  The Eleventh Amendment therefore bars suit against the University and the Board of Higher Education alike.").

Plaintiff, relying on *Lapides v. Board of Regents of*

13 - OPINION AND ORDER

*University System of Georgia*, 535 U.S. 613 (2002), asserts PSU waived its Eleventh Amendment immunity when it removed the matter to this Court.  In *Lapides*, however, the Court expressly noted its holding regarding waiver of Eleventh Amendment immunity applied only to the defendant's state-law claims:

> [W]e must limit our answer to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings.  That is because Lapides' only federal claim against the State arises under 42 U.S.C. § 1983 . . . and we have held that a State is not a "person" against whom a § 1983 claim. . . might be asserted.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

*Lapides*, 535 U.S. at 617.  The Court in *Lapides*, therefore, specifically upheld its decision in *Will* that states are immune from suit for claims brought under § 1983.

Accordingly, the Court grants PSU Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim that PSU violated his right to procedural due process.

## CONCLUSION

For these reasons, the Court **GRANTS** PSU Defendants' Renewed Motion (#152) for Summary Judgment and **DISMISSES with prejudice**

Plaintiff's claims against PSU Defendants.

IT IS SO ORDERED.

DATED this 28th day of March, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER